UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:12-CR-33 |
| RODNEY LYNN COOPER, | ) ) | (VARLAN/SHIRLEY) |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on defense counsel's Motion for Substitution of Counsel [Doc. 14], filed on June 4, 2012, and referred [Doc. 15] to the undersigned on June 6, 2012. See 28 U.S.C. § 636(b). The parties appeared before the undersigned on June 12, 2012, for a hearing on the motion. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. Attorney Bobby E. Hutson, Jr., was present for the Defendant, who was also present. Attorney Hutson has moved the Court to withdraw from representation of the Defendant due to an actual conflict of interest. He contends that an actual conflict of interest exists between his representation of the Defendant and the representation of other clients by the Federal Defender Services of Eastern Tennessee, Inc. ("FDSET").

At the hearing, Attorney Hutson stated that during his investigation of the Defendant's case in preparation for trial, he discovered an actual conflict of interest with the interests of other current FDSET clients. The Court conducted a sealed, *ex parte* hearing with the Defendant and Attorney Hutson to learn the nature and extent of the conflict of interest in this case. Following the sealed portion of the hearing, the Court found that the motion to substitute counsel is well-taken

1

and that good cause exists to permit Attorney Hutson to withdraw.

The Sixth Amendment right to counsel encompasses the right to have an attorney who does not have a conflict of interest arising from simultaneous representation of clients with conflicting interests. See Glasser v. United States, 315 U.S. 60, 70 (1942), superseded by statute on other grounds as recognized in Bourjaily v. United States, 483 U.S. 171, 172 (1987). Although the Court "must recognize a presumption in favor of [the defendant's] counsel of choice, . . . that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." Wheat v. United States, 486 U.S. 153, 160 (1988). "'[W]hen a trial court becomes aware of a potential conflict of interest, it is obligated to pursue the matter even if counsel does not.'" United States v. Straughter, 950 F.2d 1223, 1233 (6th Cir. 1991) (quoting United States v. Krebs, 788 F.2d 1166, 1172 (6th Cir. 1986)). Indeed, a court may conclude disqualification is necessary even if the defendant offers to waive the conflict because of its independent interest in assuring the ethical standards of the profession and the appearance of fairness to those observing legal proceedings. Wheat, 486 U.S. at 160.

In light of the presence of an actual conflict, the Court finds that good cause exists to grant defense counsel's Motion for Substitution of Counsel [**Doc. 14**], the same is **GRANTED**, and Attorney Hutson is relieved as counsel of record for the Defendant. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). The Court recognizes the need for the Defendant to be continuously represented by conflict-free counsel. Attorney Donny M. Young was present at the hearing and agreed to accept representation of the Defendant. The Court **SUBSTITUTES** and **APPOINTS**, under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A, Attorney Young as counsel of record for the Defendant.

2

Attorney Hutson stated that he would provide the Defendant's file to Attorney Young.

Attorney Young made an oral motion to continue the June 18, 2012 trial date in order to become acquainted with the case and have sufficient time to prepare for trial. The Court questioned the Defendant, and he had no objection to the requested continuance. The Government did not object to a trial continuance. The parties agreed to a new trial date of October 23, 2012.

The Court finds that the ends of justice served by granting a continuance outweigh the interests of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). At the hearing, the Court noted that the current trial date was merely six days from the date of the motion hearing. The Defendant's new attorney will need time to review discovery, to investigate the case, and to prepare for trial. The Court finds that this could not take place before the June 18, 2012 trial date or in less than four months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite the use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Court **GRANTS** the Defendant's oral motion to continue the trial and resets the trial for **October 23, 2012**. The Court also finds that all of the time between the **June 12, 2012** hearing and the new trial date of **October 23, 2012**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(7)(A)-(B). The Court reset the plea negotiation deadline to **October 9, 2012**. The Court instructs the parties that all motions *in limine* must be filed no later than **October 5, 2012**. Special requests for jury instructions shall be submitted to the District Court no later than **October 12, 2012**, and shall be supported by citations to authority pursuant to Local Rule 7.4. All other dates and deadlines remain the same at this time.

Accordingly, it is **ORDERED**:

(1) Attorney Bobby E. Hutson, Jr.'s, Motion for Substitution of Counsel **[Doc. 14]** is **GRANTED**;

(2) Attorney Donny M. Young is **SUBSTITUTED** and **APPOINTED** as the Defendant's counsel of record;

(3) The Defendant's oral motion to continue the trial is **GRANTED**;

(4) The trial of this matter is reset to commence on **October 23, 2012**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(5) All time between the **June 12, 2012** motion hearing and the new trial date of **October 23, 2012**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(6) The plea negotiation deadline is reset to **October 9, 2012**;

(7) Motions *in limine* must be filed no later than **October 5, 2012**; and

(8) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **October 12, 2012**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge